UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 13-49-HRW

PEERLESS INDEMNITY INSURANCE COMPANY,            PETITIONER,

v.            **MEMORANDUM OPINION AND ORDER**

CLIFFORD C. SMITH, *et al.*,            RESPONDENT.

This matter is before the Court upon Respondents' Motion to Dismiss, or in the Alternative, to Abstain [Docket No. 14]. The motion has been fully briefed [Docket Nos. 16 and 18] and, for the reasons stated herein, the Court finds that dismissal is proper as this lawsuit involves issues of state law which are presented in an action currently pending in the Morgan Circuit Court.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from the tornado which devastated West Liberty, Kentucky on March 2, 2012. A commercial building owned by Clifford Cornelius Smith was among those damaged by the storm. At the time of the damage, the building was covered by a policy issued by Peerless Indemnity Insurance Company (hereinafter "Peerless"). Disputes arose between Smith and Peerless regarding compensation for the loss under the policy.

Peerless filed this civil action pursuant to the Declaratory Judgment Act 28 U.S.C. § 2201 and Fed.R.Civ.P.57 seeking a declaration that no additional payments are owed

under the policy of insurance cited above for the losses incurred as a result of the tornado.

Three months later, Respondents filed a civil action in Morgan Circuit Court for damages stemming from the same loss. The state court Complaint names Peerless and its adjustor Anthony DeCesare as defendants and includes both contract claims related to the insurance policy covering the insured property and tort claims against Peerless and DeCesare related to their bad faith handling of the insurance claim.[1]

Respondents seek a dismissal of this matter , or, ask that the Court abstain from presiding over it in favor of the pending state court litigation.

## II. STANDARD OF REVIEW

The Federal Declaratory Judgments Act 28 U.S.C. § 2201 is a procedural device that enlarges the range of remedies available to the federal courts. The Act seeks to provide an immediate forum for adjudication of rights and obligations in an actual controversy so that parties may resolve disputes with expediency and economy in their entirety. *See generally, Commodities Export Co. v. Detroit Intern. Bridge Co.*, 695 F.3d 518 (6th Cir. 2012). As a discretionary procedural device, the Act does not increase the United States district courts' jurisdiction over substantive rights of litigants or create any new causes of action. *See Buckley v. US*, 494 F.Supp. 1000, 1002 (E.D.Ky. 1980).

Jurisdiction under the act neither automatic nor absolute. Rather, the Act states

---

[1] Peerless attempted to remove the case to this Court. *See Smith, et. al. v. Peerless, et. al.*, 13-97-HRW (E.D.Ky. _____). However, the matter was remanded to Morgan County by Order entered on _____ .

that federal courts *"**may**"* enter declaratory judgments in "case[s] of actual controversy." 28 U.S.C. § 2201(a) (emphasis added). Indeed, the Act "'confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.'" *Montpelier US Ins. Co. v. Collins* No. 11-cv-141 (E.D. Ky. February 22, 2012)(Thapar, J.) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, (1995). "The most important consideration in exercising this discretion is whether retaining jurisdiction interferes with state-court litigation." *Id.* A federal court should decline to entertain a declaratory judgement if doing so would result in "[g]ratuitous interference with the orderly and comprehensive disposition of . . . state court litigation". *Brillhart v. Excess Ins. Company of America*, 316 U.S. 491, 495 (1942).

This branch of the abstention doctrine is particularly relevant in instances where an insurance company seeks a declaratory judgment as to their underlying state court lawsuits. In this situation, the United States Court of Appeals for the Sixth Circuit has routinely held that the district Court should dismiss the complaint for declaratory judgment. *See e.g. Travelers Indem. Co. v. Bowling Green Prof'l Assocs.*, 495 F.3d 266, 273 (6th Cir. 2007) (remanding suit brought under the Declaratory Judgment Act with instructions to dismiss for lack of jurisdiction); *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460, 463 (6th Cir. 1986)("declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court").

Application of the Declaratory Judgment Act during the pendency of a parallel

state proceeding involves a balancing of the competing concepts of federalism, comity and basic fairness. The Sixth Circuit articulated a list of factors to be considered in determining whether a declaratory ruling is appropriate: "(1) the declaratory action would settle the controversy; (2) a declaratory judgment would increase friction between federal and state courts; (3) an alternative, better remedy is available; (4) a declaratory judgment would serve a useful purpose in clarifying the legal relations in issue; and (5) the declaratory remedy is being sought merely to provide an arena for a race for res judicata." *Grand Trunk W. R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984).

### III. ANALYSIS

These factors weigh in favor of dismissal. First, the declaratory action will not settle the controversy between these parties. In considering this factor, the Court is mindful that the question is not whether issuing a declaratory judgment would settle the controversy immediately before the Court, but whether doing so would settle the "ultimate controversy" in the underlying state court litigation. *See Atain Specialty Insurance v. Dwyer Concrete Lifting of Lexington*, 2012 WL 2119407 (E.D. Ky. 2012) at *3.

In this action, Peerless seeks only a declaration of the parties' responsibilities under the insurance policy, whereas the state court Complaint also alleges that Peerless acted in bad faith when it refused to timely settle the Smiths' insurance claim. The instant case does not address the entirety of the dispute between the parties. Judge Thapar's analysis in *Atain* is on point:

> Although a declaratory judgment in favor of [the insurer] would likely resolve the bad faith claim—if [the insurer] had no obligation to pay, then it had no obligation to settle—arguing that this favors jurisdiction only looks at one side of the coin. A ruling against [the insurer] would compel the parties to return to state court to resolve the remaining bad-faith and unfair-settlement claims. A declaratory judgment action that would settle the underlying state-court litigation only if the Court rules a certain way still poses an undue risk of forcing the parties to engage in fractured, piecemeal litigation and thus weighs against exercising jurisdiction.

*Id.*

To aid in the assessment under the second factor - the potential "friction" between federal and state courts, the Sixth Circuit has identified three additional factors to consider:

> (1) whether the underlying factual issues are important to an informed resolution of the case; (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Bituminous Cas. Corp. v. J & L Lumber Co. Inc.*, 373 F.3d 807, 814-815 (6th Cir. 2004).

The interpretation of the subject insurance contract and the issue of bad faith are issues of state law with which the Kentucky state courts are more familiar and, therefore, better able to resolve. Moreover, insurance is topic of particular interest to a state. "[S]tates regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." *Id.* at 815. This notion has been frequently applied in cases of insurance contract interpretation and [the Sixth Circuit has] held on a number of occasions that a district court should stay or dismiss complaints filed by insurance

companies seeking a declaratory judgment as to their underlying state court lawsuits." *Travelers*, 495 F.3d at 273.

The question of whether the state court provides an alternative, better remedy is easily answered. Peerless may raise the same arguments made before this Court in the Morgan Circuit Court. Moreover, Kentucky law allows for declaratory judgments, thereby affording Peerless the option of instituting a separate action. *See* KRS ¶ 418.040.

As for the fourth factor, whether ddeciding this case would serve a truly "useful purpose" by clarifying the legal relationships between the parties, it is another chip shot. As the Sixth Circuit recognized in *Bituminous Cas. Corp.*, 373 F.3d at 813-14, when a federal court decides a declaratory judgment action presenting the exact same issues as those presented in a state court proceeding, there is simply "no good result."

Finally, this Court must consider whether forum shopping or procedural fencing informed Peerless' declaratory judgment petition. In this Circuit, "[c]ourts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum." *AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004). Moreover, "[t]he Sixth Circuit has consistently warned district courts to be cautious when an insurance company files a declaratory action before the insured files its suit because allowing such actions to go forward 'can deter settlement negotiations and encourage races to the courthouse.'" *Atain* . at * 5 (internal citation omitted).

Peerless contends it instigated this civil action because the Smiths did not negotiate

with it in attempting to resolve the underlying claim. The Smiths maintain that, rather than responding to their attempts to settle the claim, Peerless filed this action. The undersigned is not a prophet and is not inclined to speculate as to motives. However, erring on the side of the "caution" cited in *Atain* and its primogenitors, the Court finds that this factor, too, favors dismissal.

## IV. CONCLUSION

The parties agree that the Court's exercise of jurisdiction over this matter is discretionary. Discretion being the better part of valor, this Court will abstain from deciding what is purely a question of state law and permit the parties to litigate all their claims before the Morgan Circuit Court.

Accordingly, **IT IS HEREBY ORDERED** that Respondents' Motion to Dismiss, or in the Alternative, to Abstain [Docket No. 14] be **SUSTAINED** and that this matter be **DISMISSED WITH PREJUDICED**.

This 25th day of November, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge